```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

XTRIA, LLC,                      §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:09-CV-2228-D
VS.                              §
                                 §
INTERNATIONAL INSURANCE          §
ALLIANCE INCORPORATED,           §
                                 §
              Defendant.         §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following four motions that the court now decides: (1) defendant International Insurance Alliance Incorporated's ("International's") December 8, 2009 motion for judgment on the pleadings; (2) International's January 25, 2010 motion for leave to file first supplemental answer; (3) International's February 5, 2010 motion to dismiss for lack of subject matter jurisdiction; and (4) plaintiff Xtria, LLC's ("Xtria's") February 26, 2010 motion for leave to file first amended complaint. The court grants Xtria leave to amend its complaint, grants International leave to amend its answer, and denies without prejudice as moot International's motions to dismiss and for judgment on the pleadings.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood

I

The court turns first to Xtria's motion for leave to file first amended complaint. In its motion, Xtria concedes that the claims alleged prior to removal in its state court petition may now be moot, and it seeks leave to allege a claim for money had and received.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court-ordered deadline in this case for a party to file a motion for leave to amend the pleadings is July 1, 2010. When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*,

---

accordingly.

2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).

International opposes Xtria's motion, contending that the proposed new claim is futile for several reasons. But as this court has frequently noted,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim . . . in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Id.* at *1-*2 (internal quotation marks omitted) (quoting *Sells v. Six Flags Over Tex., Inc.*, No. 3:96-CV-1574-D, slip op. at 2 (N.D. Tex. Oct. 17, 1996) (Fitzwater, J.)). Accordingly, the court will not deny Xtria leave to amend based on futility.

International also maintains that Xtria's proposed amendment is dilatory and oppressive. It contends that Xtria is prolonging the case to oppress International, and continuing the suit despite the fact that Xtria has now paid the money owed to International, the original issue at contention in this lawsuit. Xtria replies that it has not been dilatory in seeking amendment because the new cause of action for money had and received did not become ripe until Xtria had in fact paid International the money required to satisfy the state court judgment. The court agrees. Moreover, because Xtria is moving for leave to amend well in advance of the deadline for seeking such leave, the court applies the presumption

of timeliness. Because Xtria's proposed claim could not have been asserted until after it paid the state court judgment (which occurred after Xtria filed suit and sought unsuccessfully to enjoin International from collecting the judgment), the court finds that the amendment is neither dilatory nor oppressive.

Therefore, the court grants Xtria leave to file its first amended complaint.[2]

II

The court next addresses International's motion for leave to file first supplemental answer, which the court treats as a motion for leave to amend its answer.[3] Because the court has granted Xtria leave to amend its complaint to change its theory of the case, it will also grant International leave to file an amended answer.[4]

---

[2]Xtria has styled its proposed first amended complaint as a first amended original complaint. Because the case is no longer pending in state court, Xtria can omit the use of the state-court term "original" and call the pleading a first amended complaint.

[3]Under Rule 15(d), a supplemental pleading "set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The court is permitting International to file an amended answer that exceeds what a supplemental pleading can include. The court therefore treats the motion as one seeking leave to file an amended, not merely a supplemental, answer.

[4]Some courts hold that leave is not required in a circumstance such as this where a party like International is responding to an amended complaint rather than merely amending its answer. *See, e.g., Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446-47 (E.D. Va. 2005) (holding that amended responsive pleading may be filed without leave when amended complaint changes theory or

III

Because Xtria has been granted leave to amend, International's motions to dismiss and for judgment on the pleadings are denied without prejudice as moot. *See, e.g., Mangum v. United Parcel Servs.*, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.) (denying as moot motion to dismiss after plaintiff filed amended complaint).

\* \* \*

Accordingly, the court grants Xtria's February 26, 2010 motion for leave to file first amended complaint, grants International's January 25, 2010 motion for leave to file first supplemental answer (which it treats as a motion for leave to file an amended answer), and denies without prejudice as moot International's December 8, 2009 motion for judgment on the pleadings and February 5, 2010 motion to dismiss for lack of subject matter jurisdiction. The amended complaint must be filed within seven calendar days of the

---

scope of case, although breadth of changes in amended response must reflect breadth of changes in amended complaint); *Deutsch v. Health Ins. Plan of Greater N.Y.*, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("We believe that an answer to an amended complaint is not itself an amended pleading"). The court need not decide whether International can amend its answer as of right because it is granting International leave to file the amended answer.

- 5 -

date this memorandum opinion and order is filed, and the amended answer must be filed within seven calendar days of the date the amended complaint is filed.

**SO ORDERED.**

April 22, 2010.

                                       _____
                                       SIDNEY A. FITZWATER
                                       CHIEF JUDGE